CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 23 2006

JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **AMERICAN GENERAL LIFE & ACCIDENT INSURANCE COMPANY,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:05cv00472** |
| **v.** | ) | |
| **MINNIE H. GALYEAN, et al.,** | ) | **By: Hon. Michael F. Urbanski** |
| | ) | **United States Magistrate Judge** |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

This matter is before the court on plaintiff American General Life & Accident Insurance Company's ("AGLA") motion to deposit funds into the court's registry and motion to discharge plaintiff. This motion was referred to the undersigned on May 18, 2006, and a hearing on the motion was held on the record on May 23, 2006. After the hearing, the parties engaged in further settlement discussions.

This action arises out of a feud over the beneficiary of a policy issued by AGLA insuring the life of Harry W. Ross ("Ross"). The policy in question, No. 72/0001945610, was issued on or about April 10, 1995. Ross changed the beneficiary on the policy a number of times over the course of the next decade. On February 12, 2001, Ross changed the primary beneficiary on the policy to his fianceé, Minnie Galyean ("Galyean"). Ross died on January 16, 2005. On January 18, 2005, ALGA received another change in beneficiary request, dated January 4, 2005, which changed the primary beneficiary on the policy to Ross' sister, Yvonne Maxine Bandoh ("Bandoh").

Galyean filed a claim for the insurance proceeds on January 21, 2005, and by letter dated

February 7, 2005, challenged the validity of Bandoh's designation as primary beneficiary under the policy. On March 8, 2005, Bandoh submitted a claim to AGLA seeking the policy proceeds. In addition, Funeral Funding Center, Inc. has filed a claim to a portion of the proceeds.

Given the competing claims to the beneficiary proceeds, AGLA gave defendants an opportunity to reach an agreement as to the disbursement of the policy proceeds. When the matter failed to resolve by agreement of the parties, AGLA filed the instant interpleader action with the court on July 25, 2005, alleging jurisdiction under 28 U.S.C. § 1335. After a breakdown in further settlement negotiations, AGLA filed a motion asking the court to accept the proceeds of the insurance policy plus interest into its registry, dismiss AGLA from the action, and award the funds to whomever the court deems to be legally entitled to the proceeds.

Interpleader actions protect stakeholders from the expense of multiple litigation and multiple liability. Equitable Life Assurance Soc. v. Jones, 679 F.2d 356, 358 (4th Cir. 1982); New York Life Ins. Co. v. Welsh, 297 F.2d 787 (D.C. Cir. 1961); 7 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1702 (3d ed. 2001). An interpleader action may be brought under 28 U.S.C. § 1335 if the amount in controversy is $500 or more, diversity exists between any two contending claimants, and if the stakeholder has deposited the money or property at issue into the court. 28 U.S.C. § 1335.

The primary test for determining the propriety of interpleading the adverse claimants and discharging the stakeholder is whether the stakeholder legitimately fears multiple litigation over a single fund. Wright, Miller & Kane, supra, at § 1704. The stakeholder should not be compelled to run the risk of guessing which claimant should be the beneficiary of a contested fund. Wright, Miller & Kane, supra, at § 1704. Ordinarily, in an interpleader action, the court may discharge

2

the stakeholder after determining that interpleader is available and that the stakeholder is disinterested. Nations Bank, N.A. v. Raney, No. 98-0018H, 1998 WL 713803, at *2 (W.D. Va. Oct. 1, 1998); Nationwide Mutual Ins. Co. v. Eckmen, 555 F. Supp. 775, 777 (D. Del. 1983).

In its motion, AGLA requests that the court accept the insurance proceeds, plus interest, into its registry, and seeks discharge from the action. An interpleader action is appropriate in this case under 28 U.S.C. § 1335. The amount in controversy is $9,736.78,[1] and diversity jurisdiction exists between the adverse claimants.[2] AGLA admits liability for payment of the insurance proceeds, and is willing to deposit the funds plus interest into the registry of the court. Furthermore, the dispute over the beneficiary designation of the policy and the competing claims to the proceeds give rise to plaintiff's multiple liability. As such, the court grants plaintiff's motion to deposit the funds, and plaintiff is directed to deposit the funds at issue with the court within ten (10) days, should the parties not otherwise come to an agreement as to the disbursement of the funds.

AGLA has established that it is a disinterested party. The plaintiff is unable to determine the proper beneficiary of the funds, and encouraged the disputing parties to resolve their competing claims to the proceeds before an interpleader action was brought. Accordingly, should the parties remain unable to reach a settlement agreement, AGLA shall be discharged from this action with prejudice, after the insurance funds plus interest have been deposited with

---

[1] The amount in controversy represents the $10,000.00 life insurance policy, reduced by an outstanding loan made to Ross from the policy, plus accrued interest.

[2] For the purposes of 28 U.S.C. § 1335, two or more adverse claimants are of diverse citizenship, as Galyean is a citizen of Virginia, and Bandoh and Funeral Funding Center, Inc. are citizens of New York.

3

the court. See Jefferson Pilot, 2005 WL 221076, at *2. AGLA seeks no attorney's fees award in this matter.

A separate Order will be entered this day. The Clerk is directed to send certified copies of this opinion to all counsel of record.

Entered this 23rd day of May, 2006.

/s/ Michael F. Urbanski
Michael F. Urbanski
United States Magistrate Judge